UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X
                                       :

HEATHER CUCCIA,                     :

                               :

                Plaintiff,     :

                               :        24 Civ. 2091 (JPC)

         -v-                  :

                               :          ORDER

GENESIS BAYUELO-PERRI and HF MANAGEMENT  :
SERVICES, LLC d/b/a HEALTHFIRST, INC.,     :

                               :

                Defendants.   :

                               :

-------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

       The Court is in receipt of Defendant HF Management Services, LLC's notice of removal. Dkt. 1 ("Notice of Removal"). HF Management Services alleges that, after instituting this action on or around August 7, 2023 in the Supreme Court of the State of New York, County of New York, Plaintiff served HF Management Services with a Summons with Notice via the New York State Secretary of State on or around December 1, 2023. Notice of Removal ¶ 2; *id.* at Exh. A at 4. HF Management Services claims that it did not receive notice of Plaintiff's action until March 13, 2024. *Id.* ¶ 2.[1] HF Management Services then removed this action on March 20, 2024 with the consent of co-Defendant Genesis Bayuelo-Perri. *Id.* ¶ 8. HF Management Services appears to have done so without having first filed a demand for service of a complaint under New York Civil Practice Law and Rules section 3012(b), despite the fact that Plaintiff has yet to file a complaint in this action.

       "Although the Federal Rules of Civil Procedure apply to actions after removal, state law governs the sufficiency of service of process before removal." *Montefiore Med. Ctr. v. Aetna*

---

[1] HF Management Services lists this date as March 13, 2023, but this was clearly a typo.

*Health, Inc.*, No. 21 Civ. 7838 (MKV), 2021 WL 5113013, at *1 (S.D.N.Y. Nov. 3, 2021).  "Under New York law, a plaintiff may initiate an action by filing a summons with notice, without including any complaint or formal pleading."  *Solomon v. Siemens Indus.*, No. 11 Civ. 1321 (DLI) (SMG), 2011 U.S. Dist. LEXIS 63671, at *1 (E.D.N.Y. June 16, 2011).  While "repleading is not required after removal unless ordered by the court, federal courts will [only] accept as operative papers served in state court which satisfy the notice-giving function of pleadings under the Federal Rules of Civil Procedure."  *Id.* (cleaned up); *see* Fed. R. Civ. P. 81(c)(2).  Here, Plaintiff's Summons with Notice does not abide by the standards of Federal Rule of Civil Procedure 8.  As HF Management Services points out in the Notice of Removal, the Summons with Notice only mentions the statutes under which Plaintiff is seeking relief and does not include any factual allegations.  Notice of Removal ¶ 5; *see* Exh. A at 1.

Therefore, it is hereby ordered pursuant to Federal Rule of Civil Procedure 81(c)(2) that Plaintiff serve a complaint on Defendants by May 1, 2024 and file her complaint on the docket. Defendants are directed to serve this Order on Plaintiff and to file proof of service after having done so.

SO ORDERED.

Dated: April 1, 2024
     New York, New York

_____
JOHN P. CRONAN
United States District Judge