# G O D D A R D   L A W   P L L C

39 Broadway, Suite 1540 │ New York, NY 10006

Office. 646.964.1178

Fax. 212.208.2914

WWW.GODDARDLAWNYC.COM

April 19, 2024

**BY ECF**
Honorable John P. Cronan
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

      Re:    **Cuccia v. HF Management Services LLC d/b/a Healthfirst, Inc. et al.**
              **1:24-cv-02091 (JPC)**
              **Motion To Remand to New York State Supreme Court**

Dear Judge Cronan:

      This firm represents Plaintiff Heather Cuccia in this employment discrimination action, filed in New York State Supreme Court, County of New York. Defendants removed the case to this Court on March 20, 2024. By this letter motion, Plaintiff moves for an order remanding the case to State Court pursuant to 28 U.S.C. § 1447(c) as Defendants' Notice of Removal ("NOR") (Dkt. No. 1) was untimely.

      Pursuant to 28 U.S.C. § 1446 (b)(2)(B), "[e]ach defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal." Individual Defendant Genesis Bayuelo-Perri was served on November 16, 2023. See Ex. A to NOR. Corporate Defendant HF Management Services LLC d/b/a Healthfirst, Inc. ("HF") was served via the Secretary of State on December 1, 2023. *See* Id. It is well settled that, "[t]hese statutory procedures for removal are to be strictly construed." *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28 (2002).

      As Defendants set forth in the NOR, Plaintiff filed her Summons with Notice ("SWN") in State Court on August 7, 2023, and served HF via the Secretary of State on December 1, 2023. HF's sole reason its NOR being timely is that it contends that HF never received the Summons with Notice via mail from the Secretary of State. NOR ¶ 2. While it is true that courts in this Circuit have generally held that the thirty-day removal deadline begins when the Defendant, not the

Secretary of State, receives the initial pleading[1], it simply does not stand to reason that at no time between December 1, 2023 and March 13, 2024 – the date upon which HF's attorney acknowledges receipt of a courtesy copy via email – they did not actually receive it. This is not a case where a few days here and there, explainable by post office delays, would result in the Notice of Removal being timely. More than three months elapsed between Plaintiff serving HF via the Secretary of State and the filing of the NOR. Indeed, HF claims that they still have not received them[2].

HF acknowledges that its offices are located at 100 Church Street, New York, New York. NOR ¶ 2. This is the same address listed with the Secretary of State. A true and accurate copy of the current New York Secretary of State Entity Information for HF is attached hereto as *Exhibit A*. Moreover, it is the address at which Plaintiff attempted to serve HF in person, at which point one "Dominique Cohen" refused to accept service and indicated that service must be completed by mail. *See* Ex. A to NOR. Plaintiff then sent the SWN via both regular and certified mail to HF's offices that same day, November 28, 2023. *See* Id.

HF's behavior throughout Plaintiff's attempts at service has been evasive – first refusing to accept service at its offices, informing Plaintiff's process server that it would only accept service via mail, and then claiming that it did not receive any mail containing the pleadings, despite 1) HF being on notice via said employee that such pleadings would be arriving via mail and 2) these pleadings being mailed to HF's correct address not once but three times. Indeed, it relies on nothing but the word of its attorney that it never received the pleadings.

At minimum, the Court should order an inquiry into this claim. HF does not suggest that its registered address is incorrect, nor that it has been having trouble in general with mail going missing. HF, in fact, offers no explanation why it would not have received official mail at its registered address in the approximately three-month period that elapsed between receipt of service by its statutory agent and the date of the NOR. To allow this case to remain in Federal Court despite

---

[1] In this Circuit "[t]he heavy weight of authority is to the effect that the time for removal, in cases in which service is made on a statutory agent, runs from receipt of the pleading by the defendant rather than the statutory agent." *Cygielman v. Cunard Line*, 890 F.Supp. 305, 307 (S.D.N.Y., 1995).

[2] Cases in this Circuit addressing this issue generally deal with circumstances where a defendant is a few days out of time to file their Notice of Removal and said removal would have been timely if counted from the date they received the pleadings rather than the date of service on the Secretary of State. *See, e.g. Boone v. Thane,* 2009 WL 910556 (E.D.N.Y. Mar. 31, 2009), *Cavazzini v. Allison*, 2024 WL 532102 (S.D.N.Y. Jan. 8, 2024). They do not address circumstances in which a defendant denies receipt at all without explanation.

the NOR being filed months after service would essentially give *carte blanche* to any defendant to simply say "I never got it" every time they wish to avoid a statutory deadline.[3]

    Alternatively, this Court should find that since the Plaintiff served HF's statutory agent on December 1, 2023, and that Plaintiff's process server mailed the pleadings to HF on November 28, 2023, that Defendants had received notice of this proceeding in mid-December, 2023, at the latest and that the NOR is untimely, thus remanding this matter to State Court.

    We appreciate the Court's attention to this matter.

Respectfully submitted,

*/s/ Megan S. Goddard*
Megan S. Goddard, Esq.

HF Management Services shall respond by April 30, 2024.

SO ORDERED.
Date: April 23, 2024　　　　　　　　　　　JOHN P. CRONAN
New York, New York　　　　　　　　　　United States District Judge

---

[3] Indeed, one wonders, if HF's employees refuse to accept personal service at its offices and they also do not receive any regular or certified mail containing pleadings, is there any way to properly service this entity at all?