

**DORF NELSON & ZAUDERER LLP**

The International Corporate Center, 555 Theodore Fremd Avenue, Rye, NY 10580

Telephone: 914.381.7600 · www.dorflaw.com · Facsimile: 914.381.7608

April 29, 2024

**VIA ECF**

Honorable John P. Cronan
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:  *Cuccia v. HF Management Services LLC and Bayuelo-Perri*, 24-cv-2091

Dear Judge Cronan:

We write on behalf of defendants HF Management Services, LLC ("Healthfirst") and Genesis Bayuelo-Perri in opposition to Plaintiff's letter motion seeking to remand this case to the New York State Supreme Court allegedly because Healthfirst's notice of removal was untimely. Contrary to Plaintiff's unsupported speculation, Healthfirst filed its notice of removal within 30 days of its receipt of notice of the commencement of the action, as required by 28 U.S.C. § 1446. Plaintiff may have earlier served her summons on the New York Secretary of State as Healthfirst's statutory agent, but the thirty-day period for removal does not begin to run until the defendant actually receives a copy of that service from the Secretary of State and the Secretary did not forward that summons to Healthfirst. Plaintiff's incredulity on this failure of service does not change the facts. Furthermore, and in any event, co-defendant Bayuelo-Perri has never been properly served with the summons and notice and, therefore, her time to remove the action has not even begun to run. Accordingly, conducting an evidentiary hearing on the efficiency of the Secretary of State's office would be a moot exercise and Plaintiff's motion should be denied.

Plaintiff initiated her dispute against Healthfirst by filing a charge of employment discrimination with the Equal Employment Opportunity Commission ("EEOC"). Healthfirst's Associate General Counsel, Kathleen Ames, responded to that charge and provided Plaintiff's counsel, Ms. Goddard, with her telephone number and email address. Without notifying Attorney Ames, Plaintiff's counsel initiated this action by filing a summons with notice in New York State Supreme Court in New York County on August 7, 2023. Attorney Goddard claims to have served Healthfirst almost four months later by delivering the summons to the New York Secretary of State, as Healthfirst's statutory agent, on December 1. Healthfirst does not know if Plaintiff properly served the summons on the Secretary of State or what the Secretary of State did with the summons if it was served, but Healthfirst did not receive notice from the Secretary of State.[1] Instead, Healthfirst first received notice of the action on

---

[1] According to the publication for instructions for service of process, when process is served upon the Secretary of State, the process server must staple to the process being served, a Service of Process Cover Sheet and a DOS Search Page.  See https://dos.ny.gov/instructions-service-process (last accessed April 29, 2024). The affidavit of service does not reference these additional documents.

Honorable John P. Cronan
April 29, 2024
Page 2

March 13, 2024, when Plaintiff's counsel emailed it to Ms. Ames.  Healthfirst removed the action to this Court within a week of receiving notice of the litigation through Plaintiff's counsel's email.

As Plaintiff acknowledges, courts in this Circuit have repeatedly held that process is served on the New York Secretary of State as the statutory agent for a corporate defendant, the time for removal does not begin to run until the defendant actually receives a copy of that service. *Cavazzini v. Allison,* 2024 WL 532102 (S.D.N.Y. Jan. 8, 2024)(collecting cases).  As the Court stated in *Sundown v. Endeavor Air., Inc.*, 2022 WL 20594976 at *3 (E.D.N.Y. Mar. 31, 2022):

> The rationale behind this rule is that, "the defendant's right to a federal forum ought not to depend upon the rapidity and accuracy with which statutory agents inform their principals of the commencement of litigation against them.  *Boone v. Thane*, 2009 WL 910556 (E.D.N.Y. Mar. 31, 2009)(cleaned up).  ***Thus, it is the actual receipt by the defendant, not constructive receipt, that starts the time clock for removal. Defendant is not responsible for the actions of the Secretary of State***.  Given this rationale, it is not surprising that the case law contains no presumption that the Secretary of State will forward the process to the defendant within any particular time frame and no temporal limitation on filing removal after service on the agent.  Nor does case law 'impose a blanket evidentiary or fact-finding requirement on all defendants seeking to fend off remand where removal is challenged on timeliness grounds.

Plaintiff's speculation ("is there any way to properly service this entity at all?"), and proffered parade of horribles ("allowing this to remain in federal court … would essentially give *carte blanche* to any defendant to simply say 'I never got it' every time they wish to avoid a statutory deadline") (Dkt. No. 9, p. 3), are not a substitute for the evidence necessary to deprive a defendant of its right to remove.  Healthfirst does not contend that it was not "properly served" when Plaintiff delivered the summons to the Secretary of State, but simply that that substituted service did not trigger the time period for removal.  Plaintiff easily could have avoided the "horribles" she posits by emailing the summons to Ms. Ames when Plaintiff filed it rather than waiting more than 7 months to do so.  And once a party appears in the litigation, service is effectuated by electronic filing which that party cannot claim it "never got."

In any event, the time to remove this case to federal court has not yet expired because co-defendant Bayuelo-Perri still has not been served.  Plaintiff claims to have served Ms. Bayuelo-Perri by delivering the summons to an individual at to 414 S. Service Road 262, Patchogue NY 11712 and then mailing a second copy to the same address.  Plaintiff's process server, John Savage, avers that 414 S. Service Road is Ms. Bayuelo-Perri's "actual place of business/employment" as required for delivery and mail service under New York state law.   (Dkt. No. 5)  However, 414 S. Service Road is not defendant's place of business/employment. 414 S. Service Road is merely a post office box at a UPS Store.  See https://locations.theupsstore.com/ny/patchogue/414-s-service-rd.[2]  Since Ms. Bayuelo-Perri has not been properly served with the summons under New York law, her time to

---

[2] Plaintiff identified Ms. Bayuelo-Perri's business address in the summons as 100 Church Street, New York, New York.

Honorable John P. Cronan
April 29, 2024
Page 3

remove has not yet begun to run. *O'Hara v. Cohen-Sanchez*, 2023 WL 5979176 (E.D.N.Y. Aug. 28, 2023)("The removal period under 28 U.S.C. § 1446 does not commence until proper service has been effectuated under New York state law.")  Because the law allows each defendant 30 days to remove after service of the summons, Ms. Bayuelo-Perri has time to remove to federal court when and if she is properly served.  *See Gallagher v. Boehringer Ingelheim Pharmaceuticals, Inc.,* 2023 WL 402191, at *8 (S.D.N.Y. Jan. 25, 2023).

A defendant should not be deprived of its right to a federal forum simply because of law office failure at the New York Secretary of State's office, particularly when notice was well within Plaintiff's control.  There is no evidence that Healthfirst received Plaintiff's summons with notice before Plaintiff's counsel emailed it to Ms. Ames one week before Healthfirst filed its removal petition.  Healthfirst's removal was therefore timely and Plaintiff's motion to remand based on an allegedly untimely petition should be denied.

Respectfully submitted,

Andrew P. Marks

cc:    Megan S. Goddard, Esq. (via ECF)